UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ALASKA

In re:

DONALD LOUIS HYMES and
RITA MARINA HYMES,

Debtors.

Case No. F12-00599-GS
Chapter 7

## MEMORANDUM ON DEBTOR'S MOTION TO PURGE EXHIBITS RE: MOTION TO LIFT AUTOMATIC STAY

Pursuant to the court's *Order Regarding Exhibits, re: Motion to Lift Automatic Stay,* a hearing was held on February 14, 2013, on the admissibility of creditor United States of America's (United States) Exhibit Nos. 1-31, offered in support of its *Motion to Lift Automatic Stay (Motion).* During the December 7, 2012 final hearing on the *Motion,* the United States offered the exhibits into evidence. Debtors Donald and Rita Hymes advised the court that they had not received the exhibits, though Mrs. Hymes indicated that she had reviewed the exhibits on Pacer. At the conclusion of that hearing, the court set a deadline for the Hymes to file objections to the admission of the exhibits. If no objections were filed, the exhibits would be deemed admitted.

The Hymes timely filed their *Motion to Purge Exhibits,* objecting to the admission of all of the United States' proposed exhibits. The United States filed a response. Attached to the response, the United States submitted the *Declaration of Karen Pardee* to authenticate and lay the foundation for the admission of Exhibits 7-24, relating to the calculation of the United States' current tax claims against the debtors. The court set the matter for hearing on

February 14, 2013, to allow oral argument regarding the admissibility of the exhibits, to permit the Hymes to cross-examine Ms. Pardee regarding her declaration, and to afford them a final opportunity to supplement their opposition to the *Motion to Lift Stay* in light of the exhibits. Adam Smart telephonically attended the hearing on behalf of the United States. The Hymes also appeared telephonically. Having reviewed the *Motion to Purge Exhibits,* the United States' response, the testimony and argument presented, I have concluded that all exhibits submitted by the United States shall be admitted, with the exception of Exhibit Nos. 21, 22, 27 and 28, for the following reasons.

1. **Exhibits 1-6.**

The United States' Exhibit Nos. 1-5 are pleadings filed in *United States v. Hymes, et al.,* Case No. 3:05-cv-00123 (D. Alaska), including the *Judgment*, which forms the basis of the United States' claim, and the *Order of Foreclosure and Judicial Sale*, addressing the United States lien rights against the Ravenwood property. Exhibit No. 6 is the Ninth Circuit's *Memorandum* entered in the appeal of the district court case, *United States of America v. Hymes,* Case No. 08-35495 (9th Cir. 2009). At the United States' request during the final hearing on the *Motion to Lift Stay*, the court took judicial notice of these documents. As part of their *Motion to Purge,* the Hymes objected to these exhibits as irrelevant. The court has previously stated that it would treat the *Motion to Purge* as a motion for reconsideration of the prior admission of Exhibits 1-6. Because these exhibits all go to the establishment of the United States' claim, the tax lien, the issues actually litigated in the prior

2

case, and the finality of the district court action, they are all relevant. The *Motion to Purge* will be denied as it pertains to Exhibit Nos. 1-6.

    2.    **Exhibits 7-20.**

The United States offered Exhibits 7-20 to prove the current balances owed by the Hymes on their separate tax liabilities. These exhibits consist of IRS account transcripts for each of the debtors for each of the individual tax years covered by the *Judgment* entered by the district court. Exhibits 7 through 11 state the current balances, including accrued interest and penalties, for Mrs. Hymes for the tax years of 1995 through 1999. Exhibits 12 through 20 are account transcripts for Mr. Hymes, for tax years 1989 through 1993, 1997, 1999, 2000, and 2002. Prior to the hearing, the United States offered the declaration of Karen Parde, an Insolvency Advisor with the Internal Revenue Service assigned to the Hymes' current bankruptcy case. Ms. Pardee testified that she caused Exhibits 7-20 to be printed from the IRS computerized records for the Hymes, and that such documents reflect regularly kept records of activity on their tax accounts, including payments of credits.

The Hymes object to the account transcripts as being unsigned, and improper substitutes for tax assessments. As such, the Hymes contend that Exhibits 7-20 are irrelevant. At the hearing, Mrs. Hymes cross-examined Ms. Parde at some length regarding her lack of first hand knowledge regarding the original calculation of their tax liability. The Hymes' arguments miss the point. Their liability is based upon the *Judgment* entered in *United States v. Hymes, et al.,* Case No. 3:05-cv-00123 (D. Alaska). The account transcripts are intended to show the subsequent activity, including additional interest, penalties, and

3

payments. Ms. Parde's testimony authenticated the account transcripts and established that the records are business records regularly kept by the IRS for purposes of Fed.R.Evid. 803(6). As such, the account transcripts are clearly relevant, constitute business records maintained in the ordinary course, and are admissible. The *Motion to Purge* will be denied as to Exhibits 7-20.

    3.    **Exhibits 21-22.**

These exhibits are summaries of Donald and Rita Hymes' total individual tax liabilities. These exhibits are cumulative of the information contained in Exhibits 7-20. For this reason, the *Motion to Purge* will be granted as to Exhibits 21-22. These exhibits will not be admitted into evidence.

    4.    **Exhibits 23-26**.

The United States has submitted four deeds relating to the real property at issue. The Hymes do not deny that these exhibits reflect deeds involving them, their daughters, and trusts owned by the family. Rather, they argue that the deeds are irrelevant, and that they had a right to make the conveyances. The United States asserts that the stay should be lifted because the Hymes filed the instant case as part of scheme to hinder and delay its collections involving multiple bankruptcy filings affecting the Property. Transfers of the Property to family members are relevant to the issue of a scheme to hinder and delay regarding that real property. The *Motion to Purge* will be denied as to Exhibits 23-26.

    5.    **Exhibits 27 and 28**.

The United States has withdrawn these exhibits and they shall not be admitted.

4

6. **Exhibits 29- 31.**

The last three exhibits offered by the United States are legal notices related to the Property. Exhibit 29 is the notice of the October 11, 2012 foreclosure sale that the United States published in the Fairbanks Daily News-Miner prior to the sale date. Exhibit 30 is a notice, entitled *Beware of IRS Sale*, that the Hymes placed in the same news publication, and on the same dates as the United States' notice. The Hymes' notice advised prospective purchasers that they had filed a *lis pendens* against the Property, and that the Property remained the subject of pending litigation. Exhibit 31 is a copy of a page from the Fairbanks Daily News-Miner that contains both the United States' notice of the December 12, 2008 public sale, and another notice published by the Hymes, also entitled *Beware of IRS Sale.* The Hymes' actions with regard to the Property and public sales are clearly relevant to whether or not they engaged in a scheme to hinder or delay the United States' collection of its *Judgment.* The *Motion to Purge* will be denied as to Exhibits 29-31, and these exhibits will be admitted into evidence.

DATED: February 20, 2013.

BY THE COURT

/s/ Gary Spraker
GARY SPRAKER
United States Bankruptcy Judge

Serve:  R. Hymes, Pro Se Debtor
D. Hymes, Pro Se Debtor
A. Smart, Esq. (for the United States)
L. Compton, Trustee
U. S. Trustee